IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| HANS GOERZ, § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO.: 2:20-cv-00049 |
| § | |
| BARBARA M. BARRETT, SECRETARY § | |
| **DEPARTMENT OF THE AIR FORCE** § | |
| Defendant § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES HANS GOERZ** hereinafter referred to as Plaintiff, complaining of BARBARA M. BARRETT, SECRETARY, **DEPARTMENT OF THE AIR FORCE** (hereinafter referred to as "the Agency" or "Defendant"), Defendant, and for cause of action would respectfully show unto this Honorable Court as follows.

This is an action under The Rehabilitation Act of 1973, Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief for Hans Goerz who was adversely affected by such practices. Hans Goerz was subjected to unlawful discrimination when he was from federal service with the Department of the Air Force.

### I.  PARTIES

1.     Plaintiff, **Hans Goerz** is a former employee of the Department of the Air Force, and is a resident of Del Rio, Val Verde County, Texas.

2.     Defendant, **DEPARTMENT OF THE AIR FORCE**, is a federal agency and may be served with process by serving its department head, Barbara M. Barrett, Secretary, Office of the

1

Secretary, Department of the Air Force, 1670 Air Force Pentagon, Washington, DC 20330-1670, the Attorney General of the United States, William Barr, Department of Justice, Washington, D.C. 20515, and the U.S. Attorney, John F. Bash, c/o Melissa Albright, Processing Clerk, Western District of Texas, 601 NW Loop 410, Suite 600, San Antonio, Texas, 78228.

## II.   JURISDICTION AND VENUE

3.   This is a civil rights action for monetary damages and attorneys' fees. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, and 1343.  This action is authorized and instituted pursuant to 29 U.S.C. §701, et seq., of the Rehabilitation Act of 1973, Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

4.   Jurisdiction is proper in this venue because the acts complained of occurred in the Western District of Texas, Del Rio Division.

## III.   STATEMENT OF CLAIMS

5.   Less than thirty days prior to the institution of this lawsuit, Hans Goerz received the Initial Decision of the Merit System Protection Board, authorizing him to file a civil action in federal district court alleging both discrimination and non-discrimination claims.

6.   Since on or about February 15, 2015, through April 6, 2019, Defendant Agency has engaged in unlawful employment practices at its Laughlin, AFB, Texas facility in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a) and the Rehabilitation Act of 1973.  The unlawful practices under Title VII and the Rehabilitation Act were to subject Hans Goerz to harassment and discrimination based on retaliation for engaging in

a protected activity.

### A. EMPLOYMENT DISCRIMINATION UNDER THE REHABILITATION ACT OF 1973 AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

7. Plaintiff, Hans Goerz, was an employee at Laughlin AFB, Texas, until his removal dated April 6, 2019. Mr. Goerz had served as an Airplane Pilot (Simulator Instructor), GS-2182-12.

On May 6, 2019, Plaintiff filed his appeal with the MSPB alleging that he was removed in retaliation for having filed several EEO complaints against the Agency between 2015 and 2017.

Plaintiff filed his first EEO complaint on February 15, 2015, alleging discrimination and hostile work environment based on his national origin, German, during the period covering April 2010 – October 2014. The Report of Investigation (ROI) was issued September 10, 2015. The primary responding management officials (RMO) are Theodore Glenn and Danny Williams.

On December 17, 2015, the Agency issued a Notice of Proposed Suspension for a 12-day suspension to Plaintiff. The proposing official was Theodore Glenn. However, without giving a reason, the Agency withdrew the proposed suspension.

Plaintiff filed his second EEO complaint on April 11, 2016, alleging he was discriminated against in reprisal for having filed a previous formal complaint. The primary RMOs are Theodore Glenn, Danny Williams, Lt. Col. Soderstrom, Col Timothy McGregor and Ms. Cindy Cardenas.

On May 2, 2016, the Agency issued a Notice of Proposed Suspension for a 14-day suspension to Plaintiff. The proposing official was Danny Williams. On June 17, 2016, Lt. Col. Soderstrom issued a 14-day suspension to Plaintiff.

Plaintiff's third EEO complaint, filed on July 7, 2017, alleged he was subjected to a

hostile work environment based on religion, his national origin and in reprisal for having filed the first two EEO complaints. The primary RMOs in Plaintiff's third EEO complaint are Theodore Glenn and Danny Williams.

Mr. David Loftus was a responding management official by virtue of his position and a witness during the investigation. Mr. Loftus was also the proposing official on Plaintiff's removal.

### B.     PLAINTIFF'S MERIT SYSTEM PROTECTION BOARD APPEAL

8.     Plaintiff appeals the Initial Decision of the Merit System Protection Board which confirmed his removal by the Agency. Plaintiff's appeal was a "mixed-case" appeal which included an allegation of discrimination on the basis of retaliation for having engaged in a protected activity. Plaintiff complains that his removal was unlawful and in violation of the Rehabilitation Act of 1973, as amended, and Title VII of the Civil Rights Act of 1964, as amended, in retaliation for having filed EEO complaints against his supervisors Theodore Glenn and Danny Williams, David Loftus.

### IV.  DAMAGES

9.     Due to the violations of the aforementioned Acts, Plaintiff has suffered a loss of income in the past and a loss of income in the future. Plaintiff seeks damages in the form of front pay, back pay, as well as loss of any benefits which should have accrued to Plaintiff in the event of continued employment. Plaintiff suffered humiliation and mental anguish with a consequential loss of the enjoyment of life.

10.    Plaintiff further seeks all attorney's fees and costs associated with this litigation as provided for by each Act stated above and under 42 U.S.C. §1988.

## V. **JURY DEMAND**

11.     Plaintiff, Hans Goerz, asserts his rights under the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964 as amended in 1991 and makes a demand for jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Defendant be cited to appear and answer herein and upon final hearing hereof, Plaintiff have judgment of and from the Defendant for all the damages in an amount in excess of the minimum jurisdictional limits of this Court, reasonable attorney's fees as allowed by statute, expenses and costs, together with costs of court, and pre-judgment and post-judgment interest at the highest legal rate. Plaintiff further prays for any and all further relief to which he shows himself to be justly entitled, either at law or in equity.

Respectfully submitted,

**PITTARD LAW FIRM**
1777 N.E. Loop 410, Suite 600
San Antonio, Texas 78217
Tel: (210) 678-3075
Fax: (210) 820-2609
Email: chrisp@pittardlegal.com

 /s/ R. Chris Pittard
R. CHRIS PITTARD
Texas State Bar No. 00794465
PLAINTIFF'S ATTORNEY