THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

FILED
OCT 02 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| HANS GOERZ, § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. DR-20-CV-49-AM |
| § | |
| FRANK KENDALL, Secretary, § | |
| Department of the Air Force, § | |
| Defendant. § | |

## ORDER

Pending before the Court is the Report and Recommendation of the Honorable Victor Garcia, United States Magistrate Judge. (ECF No. 58.) Magistrate Judge Garcia recommended the Defendant's Motion for Summary Judgment (ECF No. 42) be granted. The Plaintiff subsequently filed objections to the Report and Recommendation. (ECF No. 62.) The Defendant also responded to the Plaintiff's objections. (ECF No. 63.) The Court hereby finds the Report and Recommendation is **ADOPTED** and **ADOPTED**, the Defendant's Motion for Summary Judgment is **GRANTED**, and Plaintiff's objections to the Report and Recommendation are **OVERRULED**.

## I. BACKGROUND

### A. Procedural History

This litigation arises from the termination of the employment of the Plaintiff, Hans Goerz, with the Department of the Air Force. According to the Plaintiff's Original Complaint, the Department of the Air Force terminated Goerz's employment as an Airplane Pilot (Simulator Instructor) at Laughlin Air Force Base, Texas, due to his previous EEO complaints against various supervisors and coworkers. (ECF No. 1.) As a result, the Plaintiff sued the Secretary of the

Department of the Air Force, the Defendant, in the Western District of Texas on August 20, 2020, alleging violations of the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964. (*Id.*) The Defendant filed a Motion to Dismiss and the Court dismissed Plaintiff's claim under the Rehabilitation Act for failure to state a claim. (ECF No. 12.) Because Plaintiff did not file an amended complaint within 14 days of the Order, that claim was dismissed with prejudice, leaving only his Title VII claim pending. (*Id.*) The Parties have proceeded with litigation leading to this pending Motion for Summary Judgment, filed by the Defendant on November 14, 2022. (ECF No. 42.) The Plaintiff responded to the Defendant's Motion, (ECF No. 52), and the Defendant then filed a sur reply. (ECF No. 55.)

On February 1, 2023, Judge Garcia issued a report and recommendation recommending that the Defendant's Motion for Summary Judgment be granted. (ECF No. 58.) The Plaintiff, himself, objected on February 15, 2023. (ECF No. 62.)

**B. Factual History**

The factual history of this case was diligently set out by Judge Garcia in his report and recommendation, and this Court largely adopts that summary.

The Plaintiff worked for the Defendant as an Airplane Simulator Instructor at the Laughlin Air Force Base until his removal on April 6, 2019. (ECF No. 1 at 3.) He alleges that during his employment, the Defendant engaged in "unlawful employment practices," specifically that the Defendant retaliated against the Plaintiff by removing him from his position because he filed several Equal Employment Opportunity ("EEO") complaints. (*Id.*)

The Plaintiff's first EEO complaint, filed on February 15, 2015, alleged the Defendant discriminated against him and created a hostile work environment because he was German. (*Id.*) The Defendant investigated the complaint, issued a report on September 10, 2015, and then issued

a Notice of Proposed Suspension on December 17, 2015, proposing to suspend the Plaintiff for 12 days. (*Id.*) The Defendant later withdrew the notice. (*Id.*)

The Plaintiff filed a second EEO complaint on April 11, 2016, alleging he was discriminated against for filing the first EEO complaint. (*Id.*) The Defendant issued another Notice of Proposed Suspension on May 2, 2016, this time proposing a 14-day suspension. (*Id.*) The Defendant did not withdraw this suspension. It went into effect on June 7, 2016. (*Id.*)

The Plaintiff filed a third EEO complaint on July 7, 2017, alleging he was subjected to a hostile work environment based on his religion, his German origin, and in retaliation for filing the first two EEO complaints. (*Id.* at 4.) The Defendant indicated on August 14, 2017, that the complaint would be investigated. (ECF No. 11-3 at 7.) Neither party alleges if, or when, that investigation was completed. The Defendant does concede that the Plaintiff had EEO complaints pending at the time of his removal. (ECF No. 11 at 5.)

On March 6, 2018, the Defendant issued a Notice of Proposed Removal, signed by David M. Loftus, to the Plaintiff, informing him that the Defendant was considering removing him from his position. (ECF No. 11-1 at 3.) On March 6, 2019, the Defendant issued an Amended Notice of Proposed Removal, again signed by Loftus, to the Plaintiff. (Id. at 2.) On March 25, 2019, the Defendant, through Colonel Carey Jones, issued a Notice of Decision to Remove to the Plaintiff, informing him that the Defendant would remove him from his position. (ECF No. 11-2 at 2.) The Plaintiff was removed from his employment on April 6, 2019. (ECF No. 1 at 3.)

The Plaintiff appealed his removal to the Defendant on May 6, 2019. (ECF No. 1 at 4.) He alleges his removal was confirmed and the Defendant authorized him to file a civil action. (*Id.* at 2.) On August 20, 2020, the Plaintiff, represented by counsel, filed this suit alleging the Defendant unlawfully retaliated against him for filing EEO complaints. (ECF No. 1 at 2-4.)

## II. STANDARD

When a party files an objection to any portion of a magistrate judge's report and recommendation, the district court must undertake a *de novo* review of the conclusions to which the party properly objects. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made."). In conducting a *de novo* review, a district court must conduct its own analysis of the applicable facts and legal standards and is not required to give any deference to the magistrate judge's findings. *See United States v. Raddatz*, 447 U.S. 667, 690 (1980) ("The phrase '*de novo* determination' has an accepted meaning in the law. It means an independent determination of a controversy that accords no deference to any prior resolution of the same controversy."). However, the parties filing objections must specifically identify those findings objected to, and district courts need not conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987) (citing *Nettles v. Wainwright*, 677 F.2d 404, n. 8 (5th Cir.1982) (en banc)).

The Plaintiff himself filed objections after he apparently fired his lawyer. *See* (ECF No. 60.) These objections simply reargue the same points previously raised before Judge Garcia, and are conclusive and general in nature. The Plaintiff does not cite a single legal authority in the entire document. Further, nearly all the contentions relate to a part of the case that Judge Garcia spared from summary judgment. The Plaintiff is simply bolstering findings Judge Garcia decided in the Plaintiff's favor. He fails to argue why the findings against the Plaintiff's contentions were

decided incorrectly. It is most proper, therefore, for the Court to review the report and recommendation for clear error.

### III. ANALYSIS

As stated above, the Plaintiff only made redundant objections to the sections of the report and recommendation where the magistrate judge agreed with the Plaintiff. To the extent the Plaintiff's objections implicate the pretext section of the analysis, the Plaintiff's objections fail to properly address the issues.

#### A. Summary Judgment Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party satisfies its burden by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A). To obtain summary judgment, the moving party need not affirmatively negate the nonmovant's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Instead, the moving party initially bears the burden only of "showing . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the moving party has satisfied this burden, the burden shifts to the nonmoving party to "go beyond the pleadings and by…affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324.

A dispute is "genuine" if the evidence permits a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Material facts are "facts that might affect the outcome of the suit under the governing law. . . ." *Anderson*, 477 U.S. at 248. In considering a motion for summary judgment, courts must view the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party. *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). " Although [the Court draws] all justifiable inferences in the light most favorable to the non-moving party, the non-movant must present sufficient evidence on which a jury could find in his favor." *Whitt v. Stephens Cty.*, 529 F.3d 278, 282 (5th Cir. 2008). Further, in evaluating a motion for summary judgment, courts must refrain from making credibility determinations or weighing the evidence. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (per curiam) (reversing grant of summary judgment because the Court of Appeals "failed to view the evidence at summary judgment in the light most favorable to [the nonmovant] with respect to the central facts of th[e] case. . .improperly weighed the evidence[,] and resolved disputed issues in favor of the moving party[.]").

### B. The Plaintiff Cannot Show Pretext Regarding His Retaliation Claim

Judge Garcia ably laid out the framework regarding the Plaintiff's retaliation claim. The summary judgment record does not contain any direct evidence of retaliation, merely the Plaintiff's inferences that he deems as good as direct evidence; therefore, the *McDonnell Douglas* framework applies. *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 267-68 (5th Cir. 2015). Also, the Plaintiff does not object to this part of the report.

In his objections, the Plaintiff spends the entirety of the document rearguing that a prima facie case of retaliation is supported by the evidence. That is the first step of the *McDonnell Douglas* framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). However,

as Judge Garcia found, when taken in the light most favorable to the Plaintiff, there is a colorable prima facie case of retaliation. The Defendant offered non-discriminatory reasons for the Plaintiff's termination, pursuant to step two of the *McDonnell Douglas* test. *Id.* at 802-04. In step three, Judge Garcia found that the Plaintiff could not show a triable issue of fact. The Plaintiff, in his original motion and in his objections, does not demonstrate that evidence of pretext exists. This step of the analysis is what is fatal to the Plaintiff's claim: not the prima facie case of retaliation as the Plaintiff continues to press. Even when incorporating the objections, the Plaintiff still fails to show that the Defendant would not have terminated him *but for* the filing of the EEO complaints. That failure is fatal to his suit.

This Court agrees with the legal analysis of Judge Garcia. The Plaintiff, in his objections, continues to argue minor details regarding his history of employment with the Defendant, but does not raise any genuine issue of material fact. As Judge Garcia found, "[d]isputing the facts underlying the employment decision does not demonstrate pretext." *LeMaire v. Louisiana*, 480 F.3d 383, 391 (5th Cir. 2007).

The Fifth Circuit, in *Lemaire*, held that "[o]ur anti-discrimination laws do not require an employer to make proper decisions, only non-retaliatory ones . . . [the Plaintiff] must do more than just dispute the underlying facts and argue that [the Defendant] made the wrong decision in order to survive summary judgment." *Id.* Here, that is exactly what the Plaintiff claims. The Plaintiff's objections are simply an attempt to relitigate the minutiae of his daily employment rather than a clear statement of why he was unlawfully terminated.

The Plaintiff also tries to reargue the temporal proximity of the actions taken. He claims the actions were close enough to establish retaliation, by claiming that the one year between a notice of proposed removal in March 2018 and the notice of removal in March 2019 "evinces the

7

ad hoc, half hazard attempt on the part of Loftus." (ECF No. 62, p. 3.) "But '[t]emporal proximity alone is insufficient' to survive summary judgment at the pretext stage in the absence of 'other significant evidence of pretext.'" *Musser v. Paul Quinn Coll.*, 944 F.3d 557, 564 (5th Cir. 2019). The temporal proximity is still not sufficient to deny summary judgment.

Finally, the thrust of the Plaintiff's objections can be summarized by the following sentence, "Loftus' knowledge of Plaintiff's protected activity is sufficient enough to attribute retaliatory animus when he proposed the removal action." (*Id.* at 2.) Mere knowledge of a protected status is insufficient. *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 588-89 (5th Cir. 2020). The only argument beyond mere knowledge that the Plaintiff makes in his objections is predicated on pure speculation. The Plaintiff claims, "[i]t is reasonable to assume that the newly arrived Commander Jones was well briefed upon his arrival by Loftus regarding Plaintiff." (ECF No. 62, p. 3.) The only attempt to substantiate that connection is the Plaintiff's offer of his own email where he previously alleged that such briefing took place, but nothing more. (*Id.*) The Plaintiff offers no objective evidence that this briefing actually took place, that the Plaintiff was discussed at this alleged briefing, or that Loftus and Jones discussed the Plaintiff negatively. The Plaintiff certainly did not prove that Loftus successfully persuaded a brand-new commander that the Plaintiff should be retaliated against. The Plaintiff uses this unsupported assumption to carry over years of alleged retaliatory animus and impute that animus to Colonel Jones. That is not a reasonable inference. Nothing can reasonably be drawn in the Plaintiff's favor here. Mere conclusory allegations are insufficient to defeat summary judgment. *Clark*, 952 F.3d at 579 (citing *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010)). This sort of bare allegation cannot revive the Plaintiff's case, and as Judge Garcia properly concluded, summary judgment is appropriate.

## III. CONCLUSION

The Court agrees that the Defendant is entitled to summary judgment. Accordingly, it is **ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 58) is **ADOPTED,** and the Motion for Summary Judgment by the Defendant (ECF No. 42) is **GRANTED**. The Plaintiff's objections (ECF No. 62) are **OVERRULED**.

SIGNED and ENTERED on this 2nd day of October 2023.

_____
ALIA MOSES
Chief United States District Judge